UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80013-CIV-MARRA/JOHNSON

GLOBAL PATENT HOLDINGS, LLC.,

    Plaintiff,
vs.

PANTHERS BRHC LLC, d/b/a THE
BOCA RESORT & CLUB,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on that portion of Defendant's Motion for Attorney's Fees and Costs (D.E. #46) which addresses solely the issue of costs. This matter was referred to the undersigned United States Magistrate Judge by the Honorable Kenneth A. Marra, United States District Judge for the Southern District of Florida and is now ripe for judicial review.  For the following reasons the undersigned respectfully recommends that portion of the Motion seeking costs be granted in part and denied in part in accordance with the terms of the within Order.

Plaintiff, Global Patent Holdings, LLC., ("Global") filed the instant action against Defendant, Panthers BRHC, LLC. ("Panthers") on January 8, 2008, alleging direct and indirect patent infringement under 17 U.S.C. §271.  On August 13, 2008, after Plaintiff filed an Amended Complaint and following a hearing on Defendant's

Motion to Dismiss, the District Court dismissed the First Amended Complaint with prejudice and entered Final Judgment in favor of Defendant and against Plaintiff (D.E. #42).

Subsequently, on or about September 12, 2008, Defendant filed a Motion for Attorney's Fees and Costs.  On January 7, 2009, Judge Marra entered an Order on the Defendant's Motion, denying Defendant's request for attorney's fees and referring to the undersigned United States Magistrate Judge, for report and recommendation, the issue of costs.[1]  In said Order Judge Marra specifically limited the recovery of costs to those allowable under 28 U.S.C. §1920.

Defendant, as the prevailing party in the instant patent infringement action, is entitled to recover costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. §1920.  Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. 28 U.S.C. § 1920, which specifies which costs are recoverable, provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  fees of the clerk and marshal;
>
> (2)  fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

---

[1] Inexplicably, a copy of the subject referral was never received by the undersigned. Instead, the undersigned became aware of the Order of Referral's existence through contact with Judge Marra's Chambers on or about May 7, 2009.

    (3)    fees and disbursements for printing and witnesses;

    (4)    fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    docket fees under § 1923 of this title;

    (6)    compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

Other statutory mandates authorize the award of additional costs. See 28 U.S.C. § 1821. The court has limited discretion in awarding costs, and is permitted to tax only those items specified in §1920, unless authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987)(the court "may not tax any items not included in 28 U.S.C. §1920); Royal Palace Hotel Associates, Inc. v. International Resort Classics, 178 F.R.D. 595, 602 (M.D. Fla. 1998). The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. Lee v. American Eagle Airlines, Inc., 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000); Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan. 1994)(The burden is on the prevailing party to demonstrate that the costs sought are within the scope of §1920). Failure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

By this motion, Defendant seeks to recover costs in the amount of $24,984.11.

As Plaintiff correctly observes, the vast majority of the requested costs are for non-taxable items not permitted under §1920. These non-taxable costs are as follows: computerized legal research, PACER fees, telecopy (facsimile) fees, fees for in-house and out-sourced photo copies, attorney travel, long distance telephone charges, legal services, and, messenger service fees. None of these expenses may be properly taxed as costs under §1920. See Duckworth v. Wisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)(recognizing that "costs such as general copying, computerized research, postage, courthouse parking fees and expert fees ... are clearly non-recoverable."); LeKlevar v. LCM Medical, Inc., Case No. 94-6004-CIV-LENARD, Report and Recommendation (D.E. #70) adopted by District Court (D.E. #71)(noting that the attorneys' travel expenses, the mediation fee, and the charges for postage, faxes, long distance telephone calls, courier service, and computerized research are not recoverable under §1920); Corsair Asset Management v. Moskovitz, 142 F.R.D. 347, 351-53 (N.D. Ga. 1992)(recovery of costs incurred for electronic research, facsimiles, long-distance telephone and commercial messenger service not allowed under §1920).

The remainder of the costs sought are as follows: $50.40 for in-house photocopying fees; $874.22 for out-sourced photocopying fees; and $5.00 for undocumented court costs. Plaintiff objects to everything but the $5.00 undocumented court cost. Unfortunately, Plaintiff's objections have gone unanswered by the absence of any reply memorandum having been filed on behalf of Defendant.

Clearly the $5.00 sought for court costs should be taxed as costs. Although the cost is undocumented, Defendant has identified the nature of the cost as being a fee charged by the Court to obtain a certificate of good standing for purposes of filing a *pro hac vice* motion, and the Record reflects that such motion was indeed filed. Accordingly, noting Plaintiff's non-objection to the amount sought, and finding record support for the charge having been incurred, the Court recommends Defendant recover the $5.00 court fee sought.

Defendant seeks $50.40 for in-house photocopying costs and $874.22 for outside copying costs. Copying costs are specifically recoverable under 28 U.S.C. §1920(4) if they were "necessarily obtained for use in the case." Scroggins v. Air Cargo, 534 F.2d 1124, 1133 (5th Cir. 1976). Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the court's consideration are recoverable. NAACP v. Florida Dep't of Corrections, 2005 U.S. Dist. LEXIS 16943, *7-8 (M.D. Fla. 2005)(noting that the necessity, purpose, and amount of the costs all must be proven); Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990). Extra copies of filed papers, correspondence and copies of cases are deemed obtained only for the convenience of counsel, however, are not recoverable. Id. See also Alan v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988); Roberts v. Charter Nat'l Life Ins. Co., 112 F.R.D. 411, 414 (S.D. Ind. 1986).

In this case no evidence has been provided in the form of bills, invoices, or receipts showing the number of copies made and the amount billed. For the outside copying costs,

Defendant simply states the $874.22 was expended for "Copying binders, creating index and custom tabs for four patent file wrappers." <u>See</u> pg. 25 of Venable Bill, attached as Exh. 1 to Mtn. (D.E. #46). As for the in-house copying charges allegedly incurred of $50.40, there is absolutely no indication at all as to what was copied.

As for the outside copying charges allegedly incurred, the Court finds only $218.55 of the $874.22 allegedly incurred, should be taxed as costs herein. Not only has no invoice been submitted; Defendant has failed to provide any explanation of what four file histories were copied, or provide the purpose of such copies. That said, the Court has reviewed the file in this case and it is clear therefrom, that copies of file histories were necessarily obtained for use in the case, and copying costs incurred would therefore be reasonable under the circumstances. One set of copies, however, and not four sets, would be all that would be required for purposes of the case, the remaining three sets delegated to being for convenience of counsel and not properly taxable.[2] As for the in-house copying charges allegedly incurred of $50.40, unlike with the outside copying costs, there is absolutely no indication at all as to what was copied, let alone the amount of copies made or for what purpose. It should also be noted that Defendant was given an opportunity to clarify matters for the Court by the filing of a reply, but chose not to do so. Accordingly, the Court recommends that these costs not be taxed. In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the portion of Defendant's Motion for Attorney's Fees and Costs (D.E. #46) that was referred to the undersigned, namely Defendant's Motion for Costs, be **GRANTED IN PART AND DENIED IN PART** in accordance

---

[2] This figure was obtained by deducting 75% from the total sought of $874.22.

with the terms hereof. Should the District Court elect to adopt the undersigned's recommendation, Defendant should be awarded $218.60 in costs.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kenneth A. Marra, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED,** on this 14th day of May, 2009, in Chambers at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC: The Honorable Kenneth A. Marra
All Counsel of Record